UNITED STATES of America,
Plaintiff–Appellee,

v.

Oscar A. CEBREROS–BARRAZA,
Defendant–Appellant.

No. 99–50600.

D.C. CR–99–00967–WBE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2001.

Decided Feb. 22, 2001.

Before PREGERSON, CANBY, and THOMPSON, Circuit Judges.

MEMORANDUM *

Oscar A. Cebreros–Barraza was convicted of importing marijuana in violation of 21 U.S.C. §§ 952 and 960. He appeals, contending that incriminating statements he gave prior to receiving *Miranda* warnings were involuntary, partly because the agent failed to inform him of his rights under Article 36 of the Vienna Convention. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cebreros–Barraza pleaded guilty pursuant to a conditional plea agreement. As to his appellate rights, the plea agreement provided:

> Defendant reserves on appeal from judgment the review of the adverse determination of his pretrial motion to suppress evidence. Specifically, the sole issue which the defendant reserves for appeal is whether statements made by defendant should have been suppressed for a violation of the Vienna Convention

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

on Consular Relation, on the basis that Defendant, after receiving his *Miranda* warnings, was not advised of his right to contact the Mexican Consulate.

In his initial brief to this court, Cebreros–Barraza framed the sole issue on appeal as "Whether a non-citizen defendant's post-arrest statements to government officers should be suppressed based on the officers' failure to advise the defendant of his right to contact his consulate, in violation of Article 36 of the Vienna Convention on Consular Relations." After the briefs were filed, we issued an en banc opinion holding that "a foreign national's post-arrest statements should not be excluded solely because he made them before being told of his right to consular notification." *United States v. Lombera–Camorlinga,* 206 F.3d 882, 888 (9th Cir.2000). In light of *Lombera–Camorlinga,* Cebreros–Barraza's sole argument in his initial brief was no longer viable.

■ After the en banc opinion was issued in *Lombera–Camorlinga,* Cebreros–Barraza filed a supplemental brief arguing that his confession was involuntary and that the agent's failure to inform him of his right to have his counsel contacted was an important factor to consider when assessing the overall question of voluntariness under 18 U.S.C. § 3501(b). Cebreros–Barraza, however, has waived this argument.

■ When a defendant enters a conditional guilty plea, he waives all issues not expressly reserved for appeal. *See United States v. Chon,* 210 F.3d 990, 995 (9th Cir.2000) (citing FED. R. CRIM. P. 11(a)(2)) *cert. denied,* — U.S. —, 121 S.Ct. 259, 148 L.Ed.2d 187 (2000). A knowing and voluntary waiver of the right to appeal is valid and enforceable. *See United States v. Blitz,* 151 F.3d 1002, 1006 (9th Cir.1998).

The limited appeal provision in the plea agreement Cebreros–Barraza signed did not reserve the general challenge to the voluntariness of his confession which he now asserts. Accordingly, the only issue open for consideration in this appeal is the issue framed by Cebreros–Barraza in his initial brief filed in this court; and the resolution of that issue is controlled by our en banc decision in *Lombera–Camorlinga.*

■ Alternatively, we conclude that the district court did not clearly err in finding that there were no promises and no threats made to Cebreros–Barraza. Therefore, his pre-*Miranda* statements were voluntary, and his post-*Miranda* statements were not tainted by the pre-*Miranda* conduct. *See Oregon v. Elstad,* 470 U.S. 298, 309, 314, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985) (subsequent statements made after *Miranda* warnings are admissible so long as they are knowingly and voluntarily made).

AFFIRMED.